No. 21651.

NEW YORK LIFE INSURANCE COMPANY, A CORPORATION *v.*
LILLIAN M. LOVE AND IRENE M. LEE.
(428 P.2d 364)

Decided May 29, 1967.     Rehearing denied June 26, 1967.

GRANT, SHAFROTH, TOLL & McHENDRIE, ERL H. ELLIS,
for plaintiff in error.

YEGGE, HALL, TREECE & EVANS, GEORGE M. McCLURE,
for defendants in error.

*In Department.*

CHARLES ROSENBAUM* delivered the opinion of the Court.

THIS case comes before the court on an agreed statement of facts.

Plaintiff in error, defendant in the lower court, is hereinafter referred to as the insurer. Insurer issued a group insurance policy to Thermodynamics Company, Inc., hereinafter referred to as the employer, insuring Dorothy M. Nelson, an employee of the employer. The insurance benefits were life insurance, $2,000 and major medical expenses in the undisputed amount of $2,393.21.

Defendants in error, plaintiffs in the lower court, are sisters and beneficiaries of the employee. Employee died on January 8, 1963. She left her employment on November 19, 1962, due to illness, which subsequently resulted in her death.

Insurer issued to the employee a certificate under the group insurance policy.

The certificate is a summary of the provisions of the group policy and states that the group policy provides that the insurance will terminate upon:

"(a) The termination of employment of the employee;

(b) Termination by modification of the Group Policy terminating insurance for the employee's class of employees;

(c) Termination of the Group Policy or,

(d) Termination of employer's required contributions toward payment of premiums."

The policy is what is generally known as a contributory policy, whereby the employee contributes part of the premium by means of pay deduction.

Employer failed to pay the October, 1962 premium

---

*Retired District Judge sitting under assignment by the Chief Justice under provisions of Article VI, Section 5(3) of the constitution of Colorado.

on the group policy, and on October 31, 1962, the grace period for such premium expired. Insurer on December 7, 1962, notified the employer that the group policy had automatically lapsed on October 31, 1962.

On November 15, 1962, employer made the regular pay deduction from the wages due the employee, as a contribution toward the premium payable on the policy.

The insurer gave no notice of the termination or lapse of the group policy to the employee or her representatives. There was no provision in the group policy for notice to the employee.

The agreed issues are:

1. Whether the insurance provided for under the group contract extended beyond the stated termination date of October 31, 1962, by reason of the fact that the insurer did not notify the employee of such termination so that the group policy was in force as to her when she became disabled and when she died;

2. Whether the witholding of wages from the employee for premium payments after October 31, 1962, by the employer extended the insurance beyond that date so that the group policy was in force as to the employee when she became disabled and when she died.

The lower court held that the employee had a vested interest in the policy by reason of her contributions and that the insurer was under a duty to the employee to give her notice that her coverage under the policy had been terminated by the failure of her employer to pay the premiums due under the policy. We agree.

The issue of law in this case is the subject of an annotation in 68 A.L.R. 2d 215 at 221:

"A direct conflict of authority regarding the question whether an employee is covered by a contributory group policy exists where the employee makes or attempts to make the required contribution, but the employer fails to continue the premium payment to the insurance company. According to one line of cases the discontinuance

of the premium payment by the employer terminates the coverage of the employee under the policy regardless of whether the employer accepted the premium contributions from the employee or refused the tendered contribution. This view finds support in the following jurisdictions: Mississippi, Missouri, New Jersey, North Carolina and Pennsylvania. It is based on the ground that the employer under a contributory group insurance policy is ordinarily not considered the agent of the insurance company. Contrary to the above rule, and a number of other jurisdictions a view has been taken that where the employer collects through deductions or otherwise the employee's portion of the premium, but fails to make the required payment to the insurer, the coverage of the employee continues, the courts basing their holdings on the fact that the payment by the insured to the employer is payment to the insurer, so far as the employee is concerned. Alabama, Oklahoma, South Carolina and Texas support the above view."

In *Shanks v. Travelers' Ins. Co.* 25 F. Supp. 740 (N.D. Okla. 1938) the court stated at 744:

"The deceased had paid a premium upon the contributive insurance policy for the entire month of February. The premium was deducted from his wages by his employer, who, under the Statutes of Oklahoma, is an agent of the defendant in this case. Section 10514, O.S., 1931, 36 Okl. St. Ann. § 197 provides as follows: 'Any person who shall solicit and procure an application for insurance shall, in all matters relating to such application for insurance, and the policy issued in consequence thereof, be regarded as the agent of the company issuing the policy and not the agent of the insured, and all provisions in the application and policy to the contrary are void and of no effect whatever."

The Colorado Revised Statutes are similar to the Oklahoma Statutes in this respect. C.R.S. 1963, 72-1-25 provides:

"Any person who shall solicit and procure an application

for insurance shall be held to be the company agent, whatever conditions or stipulations may be contained in the policy of contract in any controversy between the parties to the contract, or between the parties to the contract and the beneficiary . . . ."

We have considered the able arguments of counsel differentiating the facts .in the *Shanks* case from the case at bar. We are of the opinion that in view of the above quoted statute the rationale of the *Shanks* case is applicable here.

Without notice, the insured employee may be lulled into a false sense of security and divested of all protection; whereas, upon receiving notice, she would have had an opportunity to seasonably obtain similar insurance protection on her own account elsewhere.

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE KELLEY, and MR. JUSTICE HODGES concur.